UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROGER LIBBY, | ) | |
| Petitioner, | ) | 3:04-CV-00038-LRH-RAM |
| vs. | ) | |
| | ) | **ORDER** |
| E.K. McDANIEL, *et al.*, | ) | |
| Respondents. | ) | |

On June 28, 2007, respondents filed a motion asking the court to disqualify the Federal Public Defender's office from representing the petitioner, Roger Libby, in this capital habeas case. Docket #54. As grounds for their motion, respondents contend that the Federal Public Defender's office is burdened by a conflict of interest because a current member of the office, John Lambrose, supervised Libby's state trial attorneys in his former position as Deputy State Public Defender. According to the respondents, a conflict exists because Libby is claiming ineffective assistance of counsel as a ground for habeas relief, and Lambrose was involved in Libby's defense at a point in time when Libby was entitled to effective assistance of counsel

On July 20, 2007, Libby filed, *pro se*, a document captioned "Notice of Waiver of Lambrose Conflict." Attached to the notice is a declaration in which Libby states that he waives "any theoretical or actual conflict that exists regarding John Lambrose's employment at the federal public defenders [sic] office" and that he "consent[s] to the federal public defender's continued representation in this case." Docket #58, p. 2.

On August 15, 2007, the Federal Public Defender filed a response to the respondents' motion

1  to disqualify. Docket #60. In that response, the Federal Public Defender presents arguments that
2  disqualification is not warranted because (1) there is no conflict of interest under the Nevada Rules of
3  Professional Conduct, (2) Lambrose was timely screened from any involvement in Libby's case, and (3)
4  Libby has consented to the Federal Public Defender's continued representation.
5        Respondents have not filed a reply to the Federal Public Defender's response.
6        Having reviewed the above submissions and the record herein, the court finds that the
7  circumstances presented here do not warrant disqualification of the Federal Public Defender's office.
8        As an assistant to the State Public Defender, Lambrose was involved in supervising the primary
9  trial attorneys assigned to defend Libby against capital murder charges in state court. See Lambrose
10 declaration, attached as Exhibit 1 to Docket #60. For a brief period, Lambrose took a more active role
11 in assisting with pre-trial preparation, but that ended when he accepted a position with the Federal Public
12 Defender's office several months before Libby's trial began. *Id*. Claim One of Libby's amended habeas
13 petition consists of a very detailed and comprehensive challenge to the effectiveness of the
14 representation he received throughout all of his state court proceedings – i.e., pre-trial investigation and
15 preparation, the guilt and penalty phases of his trial, his two direct appeals, and his post-conviction
16 actions. Docket #39, p. 19-79. There is no indication that Libby is going to, or would be able to, pursue
17 an ineffective assistance counsel claim that would significantly impugn Lambrose's competence as a
18 lawyer or that would accuse Lambrose of any shortcoming beyond those to which he has already
19 admitted in his declaration. Thus, the court finds no merit in respondents' suggestion that the Federal
20 Public Defender's office might be inhibited from vigorously pursuing Libby's ineffective assistance of
21 counsel claims because of "the harm it might do to Lambrose's professional reputation." Docket #54,
22 p. 3.
23       In addition, respondents' contention that the Nevada Rules of Professional Conduct call for the
24 Federal Public Defender's disqualification is also misguided. For some types of conflicts, the
25 disqualification of one attorney in a firm is potentially imputed to the all the other members of the firm.
26 *See* Rule 1.10, Nevada Rules of Professional Conduct. By its own terms, however, Rule 1.10 is limited
27 to disqualifications due to conflicts arising under Rules 1.7, 1.9, and 2.2. *Id*. Respondents cite to Rule
28 1.7 as the governing provision in this case, but fail to explain how that rule, which addresses concurrent

conflicts of interests, would disqualify Lambrose.

Conceivably, one might argue that Rule 1.7(a)(2) applies because there is a significant risk that Lambrose's representation would be materially limited by his own "personal interest." But even assuming *arguendo* that Rule 1.7(a)(2) would disqualify Lambrose from representing Libby, Rule 1.10 contains an exception to imputed disqualification if "the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm." Rule 1.10(a)

According to the Federal Public Defender's office, the attorneys assigned to represent Libby in this action work in a different unit of the office than Lambrose, and each unit maintains "its own caseload, file storage, and staff," and "function[s] independently" from the other. Docket #60, p. 3. In addition, the Federal Public Defender's office insists that it has taken extra measures to ensure that Lambrose has no involvement in the litigation of this case. In sum, the court is satisfied that there is no significant risk that Libby's current counsel will be limited in their representation because of any "personal interest" Lambrose may have in the litigation.

**IT IS THEREFORE ORDERED** that respondents' "Motion to Disqualify Federal Public Defender" (docket #54) is DENIED.

**IT IS FURTHER ORDERED** that respondents shall have **thirty (30) days** from the date this order is filed within which to file a response to petitioner's amended habeas petition (docket #39).

**IT IS FURTHER ORDERED** that, in all other respects, the scheduling order entered in this action on April 16, 2004 (docket #12), shall remain in effect.

DATED this 10th day of September, 2007.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3